IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEMARKIUS TREVELLE HODGES**                        **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 5:18CV96 DCB-LRA**

**SHONDRA MATTHEWS**                                **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Hodges filed the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 on September 6, 2018. Respondent moves to dismiss the petition for failure to exhaust state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and for other reasons. Having reviewed the record and all applicable law, the undersigned recommends that the petition be dismissed.

Hodges is currently confined to the Hinds County Restitution Center, pursuant to an Order Revoking Probation issued by the Circuit Court of Pike County, Mississippi, on October 25, 2017, in Cause Nos. 13-137-PKT (failure to pay child support); 08-193-PKT (auto burglary and conspiracy to commit a crime); and, 07-519-PKT (grand larceny). The record reflects that the Pike County Circuit Court has sentenced Hodges several times over the years, and previously entered revocation orders in these cases on November 17, 2008, April 13, 2009, and January 10, 2013.[1] The terms and conditions

---

[1] The court's first revocation order of record, issued on November 17, 2008, in Cause No. 07-519-PKT-1, revoked Hodges's non-adjudicated status after he violated the terms and conditions of his non-adjudicated probation, and sentenced him to five years in the custody of the Mississippi Department of Corrections "with said time suspended for five (5) years probation;" he was also

that gave rise to the circuit court's most recent revocation order provided that Hodges pay full restitution and be placed in the Intensive Supervision/ House Arrest Program for one year. Under the terms of the order, if Hodges successfully completed the program, he would be placed on post-release supervision for the remaining balance of his sentence. However, if he failed to successfully complete the program, he would be placed in a Mississippi Department of Corrections facility without further order of the court.[2]

On October 25, 2017, upon finding that Hodges had again, materially violated the terms and conditions of his probation, the circuit court ordered as follows in Cause Nos. 13-137-PKT; 08-193-PKT; and 07-519-PKT:

> [T]wo (2) years on the suspended portion of defendant's sentences in the above styled and numbered cases should be revoked concurrently with each other and he should be placed in the custody of the Mississippi Department of Corrections with the balance suspended for 2 years served on Post Release Supervision[.][3]

Hodges was also ordered to complete a term in a restitution center until all court-ordered fines, fees and restitution were paid in full. In 2018, Hodges was released on earned release supervision and probation. He is now confined to the Hinds County Restitution Center in Jackson, Mississippi.

---

ordered to "pay full restitution, attorney fees, and court costs, as previously ordered by the court." The subsequent revocation orders, issued on April 13, 2009, and January 10, 2013, in Cause Nos. 07-519-PKT and 08-193-PKT, both imposed the same terms and conditions, i.e, one year in the Intensive Supervision/House Arrest Program, and provided that all other terms and conditions previously ordered were to remain in effect. ECF Nos. 4-6 – 4-9.

[2] ECF Nos. 4-1 – 4-10.

[3] *Id.* at 4-9.

Aggrieved, Hodges brings the instant petition alleging that he is being held in "debtors prison" in violation of his Sixth, Eighth, Thirteenth and Fourteenth Amendment rights. He claims that he has been confined "without any prior hearing to determine [his] health and the ability to pay the debt owed to the Circuit Court of Pike County, Mississippi." He states that he is also being forced to work "by the use of threat(s) of physical restraint or injury or through law. . . ." He maintains that his grievances have been ignored, and requests this Court grant injunctive relief to stop "this type of action to [himself] and future person(s). . . ." To this end, he requests that the restitution centers in Hinds, Pascagoula, and Greenwood, Mississippi, all be closed.[4]

As a threshold matter, Petitioner's request to close Mississippi's restitution centers should be denied because it does not present a cognizable claim for federal habeas relief under 28 U.S.C. § 2254. In addition, to the extent Hodges seeks to challenge the conditions of his confinement, and not the fact thereof, such claims should also be dismissed as they are properly brought pursuant to 42 U.S.C. § 1983.[5] *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Spencer v. Bragg*, 310 F. App'x. 678, 679 (5th Cir. 2009); *see also, Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

A petition for writ of habeas corpus challenges the fact of confinement and permits a petitioner to seek immediate or earlier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In this regard, the law is well settled. Applicants

---

[4] ECF No. 1, pp. 1-15 (internal quotation marks omitted).

[5] While Petitioner's primary complaint appears to be the work requirement of his sentence, applying a liberal interpretation of his claim, the court address the revocation as well.

seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[6] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable." *Beasley v. State*, 795 So.2d 539, 540 (Miss. Ct. App. 2001) (quoting *Griffin v. State*, 382 So.2d 298, 290 (Miss. 1980)). To challenge a revocation, a petitioner must file a motion for post-conviction relief under Miss. Code Ann. § 99–39–5(1)(h). *See Gray v. State*, 29 So.3d 791 (Miss. Ct. App. 2009) (citing *Martin v. State*,

---

[6] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that─

    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
        . . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

556 So.2d 357, 358–59 (Miss.1990)).  This statute provides in relevant part that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person . . . on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims:  . . [t]hat his sentence has expired; his probation, parole or conditional release [sic] unlawfully revoked; or he is otherwise unlawfully held in custody."  *Id.*

Respondent argues that the instant petition should be dismissed because Hodges failed to exhaust his claims before filing his federal habeas petition.  Hodges does not deny his failure to exhaust nor has he responded to the motion to dismiss.  Although he claims his grievances have gone ignored, nothing of record indicates that before filing the instant petition, he filed a motion for post-conviction collateral relief in the Pike County Circuit Court, or administrative grievances with the Mississippi Department of Corrections' Administrative Remedies Program, or the Hinds County Restitution Center.

A habeas petitioner who has failed to exhaust all post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254.  *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).  Any petition for post-conviction collateral relief relating to either his underlying charges or subsequent revocation must be exhausted in state court.  Miss. Code Ann § 99-39-7.  Exhaustion requires him to present his claims to the state's highest court to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Only after the Mississippi Supreme Court has been provided with a fair opportunity to review Hodges's claims in a procedurally proper manner can he be said to have satisfied the

5

exhaustion requirement. Until such time, his § 2254 claims are not fully exhausted and may not be considered by this Court.[7]

For these reasons, the undersigned recommends that the instant petition be dismissed with prejudice in part for failure to state a claim upon which relief may be granted, and dismissed without prejudice in part for failure to exhaust state court remedies and for presenting civil rights claims not cognizable on habeas review.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

---

[7] Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005).

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 29, 2019.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE