```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


DEMARKIUS TREVELLE HODGES #136903                    PETITIONER

V.                         CAUSE ACTION NO. 5:18-CV-96-DCB-LRA

SHONDRA MATTHEWS                                     RESPONDENT
```

ORDER

Before the Court is the Petitioner DeMarkius Trevelle Hodges ("Hodges")'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), Respondent Shondra Matthews ("Respondent")'s Motion to Dismiss (Doc. 4), and United States Magistrate Judge Linda R. Anderson's Report and Recommendation (Doc. 5).

Magistrate Judge Anderson recommends that Hodges's Petition (Doc. 1) "be dismissed with prejudice in part for failure to state a claim upon which relief may be granted, and dismissed without prejudice in part for failure to exhaust state court remedies and for presenting civil rights claims not cognizable on habeas review." Doc. 5, p. 6.

Hodges sues under 28 U.S.C. § 2254, claiming that he is being held in "debtors' prison," violating his 6th, 8th, 13th, and 14th amendment rights. Doc. 1, p. 5. Hodges also contends that he is "being forced to work by the use of threat(s) and of physical

restraint, injury and through law, by respondent(s)." Doc. 1, p. 7. He requests injunctive relief, specifically requesting that the Court "close down the Hinds Restitution Center; Pascagoula Restitution Center[;] and Greenwood Restitution Center instantly, in good faith." Doc. 1, p. 15.

Respondent moves to dismiss the petition for failure to exhaust state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and for other reasons. See Doc. 4.

No objections have been filed to the Report and Recommendation of the Magistrate Judge. In fact, the Report and Recommendation mailed to Hodges has been returned as undeliverable. See Doc. 6. A court is not required to delay disposition of a case until a petitioner decides to provide his current address. Sambe v. Gonzales, 2006 WL 3751153, at *1; see Childers v. Bowles, 2002 WL 1489501, at * 1 (N.D. Tex. July 9, 2002). A pro se prisoner's failure to inform a court of his change of address – and specifically, return of a pro se prisoner's mail to the court, as undeliverable – indicates a failure to meet his obligation to press forward with the litigation and failure to prosecute his case expeditiously. Sambe, 2006 WL 3751153, at *1; see Edwards v. Harris County Sheriff's Dept., 864 F.Supp. 633, 637 (S.D. Tex. 1994).

Having reviewed Hodges's Petition, the Respondent's Motion to Dismiss, and Magistrate Judge Anderson's Report and Recommendation, the Court agrees that the Petition (Doc. 1) should be dismissed with prejudice in part for failure to state a claim upon which relief may be granted and dismissed without prejudice in part for failure to exhaust state court remedies and for presenting civil rights claims not cognizable on habeas review. See Doc. 5, pp. 3-6.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Linda R. Anderson's Report and Recommendation (Doc. 5) is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that a Final Judgment dismissing the Petition (Doc. 1) in part, without prejudice, and in part, with prejudice, will be entered on even date herewith;

SO ORDERED this the 5th day of June, 2019.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE